UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAYMOND CUSTER,                                  :

      Plaintiff,                                   :

      vs.                                          :   No. 3:11cv1231(JCH)

MICHAEL J. ASTRUE,                               :
Commissioner of Social Security Administration,
                                                   :
      Defendant.
-----------------------------------------------------------------X

ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT
WITH REVERSAL AND REMAND [DOC. # 29]

Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, has moved this Court to enter judgment with a reversal and remand of this cause to the Commissioner. Counsel for Defendant represents that she has contacted Plaintiff's counsel, Charles A. Pirro, III, Esq., who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of this case is necessary for further administrative proceedings. Upon remand, the Appeals Council will instruct the ALJ to provide Plaintiff with the opportunity for a new hearing. The ALJ should also (1) update the medical records; (2) if possible, obtain an opinion from Dr. Spindell regarding

Plaintiff's functional limitations in light of his need to use a cane. If such an opinion cannot reasonably be obtained from Dr. Spindell, if possible, obtain testimony from another medical expert regarding Plaintiff's functional limitations in light of his need for a cane; (3) re-evaluate Plaintiff's residual functional capacity in accordance with the Social Security Administration's regulations and policies; (4) re-evaluate the new evidence after June 2010, including treatment notes from Dr. Mazzocca and the opinion evidence from Dr. Schifferdecker; and (5) if necessary, obtain additional vocational evidence that takes into consideration all of Plaintiff's medically established functional limitations. After proceeding through the sequential evaluation process, the ALJ should then issue a new decision.

Accordingly, the Court hereby GRANTS the Defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 29]. Plaintiff's Motion to Reverse the Decision of the Commissioner and to Remand to the Agency [Doc. # 21] is also GRANTED to the extent set forth in this Ruling.

The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this 23rd day of February, 2013, at New Haven, Connecticut.

    /s/ Janet C. Hall
    JANET C. HALL
    United States District Judge